## UNITED VERDE COPPER CO. v. JABER.

(Circuit Court of Appeals, Ninth Circuit.   April 21, 1924.)

No. 4138.

1. **Appeal and error ☞237(5)—No review of sufficiency of evidence, in absence of motion for directed verdict.**

In absence of motion for directed verdict, question of the sufficiency of evidence to justify verdict is not before Circuit Court of Appeals.

2. **Master and servant ☞291(13)—Refusal of request denying recovery under Arizona Employers' Liability Law for sickness held error.**

Refusal of a request that Arizona Employers' Liability Law does not cover ordinary sickness, and if plaintiff's trouble was occasioned by disease, and not an injury while in defendant's employment, he could not recover, *held* error, in view of the evidence.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by Joe Jaber against the United Verde Copper Company. Judgment for plaintiff, and defendant brings error. Reversed, with directions to grant a new trial.

Anderson, Gale & Nilsson, of Prescott, Ariz., for plaintiff in error.

Thomas P. Walton, of Phœnix, Ariz., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. The defendant in error recovered a judgment in the court below for damages for personal injuries. In his complaint he alleged that he was a mucker in the defendant's employment, that the defendant in operating its mine made use of high explosives for the breaking and pulverizing of ores, that a heavy and violent blast of explosives was set off near the plaintiff, and as a result thereof he suffered great physical pain and injury, and the loss of hearing in one of his ears, and that the injuries were caused by an accident due to the conditions of his work in the service of the defendant in a hazardous occupation. The answer denied that the injuries, if any such there were, were due to an accident, or arose out of the course of the plaintiff's employment, or were due to the conditions of his occupation, or the risks or hazards inherent therein, but alleged that the accident causing the alleged injuries resulted from conditions and causes that were well known to him and of which he assumed the risk.

[1] The defendant contends that the verdict of the jury was wholly unsupported by the evidence. As there was no motion for a directed verdict in behalf of the defendant, under well-settled rules, the question of the sufficiency of the evidence to justify the verdict is not before us.

[2] The only remaining contention is that the trial court erred in refusing to give a requested instruction which was in substance that the Employer's Liability Law of Arizona (Civ. Code 1913, pars. 3153–3179) does not cover ordinary sickness, and that, if the jury believed from the evidence that the alleged concussion did not cause the plaintiff's injury,

he could not recover, even though the jury found that he was suffering from some disease, and that, if his deafness and ear trouble were occasioned by a disease, and not by injury while in the defendant's employment, he could not recover.

On the trial evidence was introduced by defendant tending to show that the plaintiff was suffering from Bright's disease, and that the headaches and ringing in his ears and his deafness were symptoms of and were occasioned by his diseased condition. The court instructed the jury that if they found that the plaintiff, without any negligence on his part, received personal injury as alleged in his complaint, and that the injury was occasioned by an accident arising out of and in the course of his labor, and was due to a condition or conditions of his employment, he would be entitled to recover. This substantially included the theory of the plaintiff below and was in conformity to his evidence. The main point to which defendant's evidence went was that plaintiff was suffering from disease which in no way had causal relation to any personal injury, and, if the facts were as testified to by the several witnesses called by the company, plaintiff could not recover. Defendant company having asked for an instruction specifically presenting its theory of the case based upon its evidence, the court should not have ignored the bearing which the facts referred to might have as a complete defense. 14 R. C. L. § 56.

The judgment is reversed, and the cause is remanded, with directions to grant a new trial.

Reversed.