## SOUTHERN PAC. CO. v. JOHNSON.

(Circuit Court of Appeals, Ninth Circuit. November 16, 1925.)

No. 4559.

Appeal and error ⬅237(5)—General assignments to insufficiency of evidence present nothing for review, where there was no request for instructed verdict and no error in instructions pointed out.

Where assignments of error to judgment awarding recovery for personal injuries were generally that evidence failed to show any negligence of defendant, and that jury· failed to follow court's instructions, and that evidence was insufficient to justify verdict, and defendant had made no request for an instructed verdict, and pointed out no error in giving instructions, the assignments of error presented nothing for review.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Action by D. M. Johnson against the Southern Pacific Company. Judgment for plaintiff, and defendant brings error. Affirmed.

L. L. Cory, of Fresno, Cal., for plaintiff in error.

Guy Knupp, of Porterville, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error seeks to review a judgment of the court below, rendered upon the verdict of a jury awarding the defendant in error $2,500 damages for personal injuries suffered by him, and alleged in the complaint to have

8 F.(2d)—63

been caused by negligent acts of the plaintiff in error. The only assignments of error are that the trial court erred in accepting the verdict of the jury and entering judgment thereon, for the reason that the evidence failed to show that the injury was caused by any negligence on the part of the plaintiff in error, and in entering judgment upon the verdict, in that the jury failed to follow the court's instruction relating to negligence, and in entering judgment in a case where the evidence was entirely insufficient to justify the verdict. There was no request for an instructed verdict in favor of the plaintiff in error, and no error in giving instructions is pointed out. The assignments of error therefore present nothing for the consideration of this court, and we discover no plain error not assigned.

The judgment is affirmed.

HUNT, Circuit Judge (concurring). I think that the record is sufficient to call for consideration of the effect of the proceedings had after the general verdict was received and the jury were polled. It appears that the judge then said to the jurors:

"Just for my own enlightment, I am emboldened to ask you if the jury came to the conclusion under the evidence that the engineer did not blow the whistle and ring the bell on the train?"

The substance of the answers of the foreman was that there was an opportunity (about four seconds) after the car was sighted to have given a signal, a whistle, and to that extent the engineer was negligent, and that, if the signal had been given, there would have been time enough to stop the automobile or "take the ditch."

Plaintiff in error argues that the answers of the foreman constituted special findings of the jury on the question of negligence, and are the only bases on which the judgment can rest, and that such special findings negatived any other negligence.

It seems to me that the answers of the foreman cannot be held to be special findings, and that the general verdict rendered upon the issue of negligence and under the elaborate instructions given upon that issue, none of which were excepted to by plaintiff in error, must stand. Furthermore there was no request for any specific instruction upon any phase of the law of negligence. The colloquy had after verdict between judge and jury was considered upon motion for a new trial, and was properly regarded by the court as presenting a situation in its legal aspect not unlike that which might have

arisen had the judge "met one of the jurors on the street some days later and then inquired of him the reason for the verdict rendered."