## SWIFT & CO. v. DALY.

### No. 6112.

Circuit Court of Appeals, Ninth Circuit.
Oct. 13, 1930.

John K. Claxton and A. C. McDaniel, both of Butte, Mont., for appellant.

R. Lewis Brown, George R. Maury, and Lowndes Maury, all of Butte, Mont., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

This action was brought by the administratrix of the estate of Stewart Daly to recover damages for the injury and death of said Stewart Daly. It is alleged that on August 24, 1928, the deceased received an injury from which he died four days later. At the time that he received the injury he was eleven years and eight months old. At the time deceased was injured he was assisting in the removal of an old refrigerating plant from the basement of the appellant's packing plant in Butte, Mont., and was injured as the result of the sudden starting of the elevator, which capsized a segment of a flywheel of the old refrigerating plant which was awaiting transportation in the elevator. The section of the flywheel struck the deceased upon his foot and injured it so that four days later he died.

At the instance of the appellee the trial court instructed the jury that by reason of the violation of the Child Labor Law of Montana the appellant was liable for the injury and death of the decedent, leaving to the jury only the question of the amount of damages to be awarded to the estate. No exception was taken to this instruction. The appellant moved for a nonsuit and claims the right to review the sufficiency of the testimony by reason thereof notwithstanding the fact that after the denial of the motion he introduced additional testimony and submitted the case to the jury without a motion for a directed verdict. Appellant relies upon the practice in the courts of Montana and on the Conformity Act to sustain his position. The question of the method of reserving exceptions as a basis for a writ of error or appeal in the federal courts is one dependent upon the rules established in the federal courts, and it is uniformly held that the failure to move for a directed verdict at the close of the case precludes the appellate court from considering the sufficiency of the evidence to support the judgment, notwithstanding a motion for nonsuit was interposed and overruled. Sacramento, etc., v. Melin (C. C. A.) 36 F.(2d) 907; Sacramento, etc., v. Tipper (C. C. A.) 36 F.(2d) 941. The appellant demurred to the complaint on the ground that it did not state a cause of action. The ruling of the court on that demurrer is subject to review on appeal.

The complaint alleges that the appellant owned and operated a meat packing plant with two stories and a basement in Butte, Mont.; that there was in the basement an ice-making plant; that the appellant bought a new ice plant from the York Ice Machine Company and that the said company agreed to remove the old ice plant from the basement; that to remove this plant it was necessary to dissemble its parts and remove them from the basement on the freight elevator belonging to and operated by the appellant; that the York Ice Machine Company sold the old refrigerating plant to one David Mottleson, a junk dealer, for $15 on condition that he would remove the same through the elevator and out of the building; that although the York Ice Machine Company and Mottleson were independent contractors, yet in making the contracts and doing the work they were furthering the work and business desires of the appellant in its premises, in its plant, which was at all times occupied, owned, and controlled by the appellant and which was carrying on business therein; that pieces of the old ice plant machinery weighed as much as 1,350 pounds; that the elevator was of unusual design and mechanism and started with a jump and jerk and could not be quickly brought to a stop, and unless the rope of control was pulled far enough the motor would burn out; that such condition was

known to the appellant and it negligently advised Mottleson before he used the elevator at all to be sure to pull the rope "far enough"; that appellant negligently failed to warn Mottleson of the tendency of the elevator to start with a jerk and a jump and negligently failed to warn him that it could not be brought to a quick stop, and negligently failed to place any trained man in control of said elevator while the old machinery was being lifted as herein set out until after the injury to Stewart Daly; that a crew of four grown men skilled in such work was needed for doing the work safely; and that the appellant negligently permitted it to be done with only two men and the deceased child.

It was alleged that the work of removing the old plant was dangerous even with the use of extraordinary care and that the duty of the appellant to use due care for the safety of all invitees into its premises in the prosecution of said work was a nondelegable one; that the work was an attractive but dangerous nuisance to active boys of the age of deceased, and that the appellant negligently failed to prevent his access to such place of danger and negligently impliedly invited him into the same and negligently failed to exclude him; that the deceased, Stewart Daly, without the knowledge of his parents as to the kind and character of work he was doing and the place where he was working, was employed as a casual servant of David Mottleson and was an invitee of Swift & Co. into and about the said basement and elevator shaft and elevator and worked daily and continuously from Monday, the 20th day of August, 1928, until Friday, the 24th day of August, 1928, in helping to remove said machinery up the elevator shaft by means of the freight elevator in the premises of Swift & Co.; that continuously eight hours each day or thereabouts from Monday, the 20th day of August, 1928, until Friday, the 24th day of August, 1928, Swift & Co., being engaged in business in Montana, knowingly and negligently and wrongfully and unlawfully permitted to be employed and to render and perform services and labor in, on and about a certain freight elevator in its plant at 724 South Arizona street in Butte, Silver Bow county, Mont., Stewart Daly, a child under the age of 16 years, to wit, of the age of 11 years 8 months and 22 days, and the said elevator being in operation constantly during such time, and such employment and service and labor of said child, Stewart Daly, being at all times, until after he was injured, unknown to Philip Daly, the father of the

said child, and unknown to the mother, this administratrix, and such conduct of Swift & Co., was a proximate and efficient and a direct cause of the injury to Stewart Daly, and the elevator in motion overturned on Stewart Daly the half flywheel and so injured him that he died after lingering about three days.

It is further alleged that on the 24th day of August half of the flywheel, weighing about 1,350 pounds, was being loaded on the elevator and the same was ends up, resting on its circumference, projecting over the elevator shaft, and Stewart Daly was helping to steady the flywheel, and while David Mottleson was driving it the elevator started with a jerk from some distance below the floor whereon the said half flywheel was resting, and without power in Mottleson to stop the same at the floor, it jumped past the floor, struck the flywheel, turned it over on the foot of Stewart Daly, and crushed the same.

It will be observed that the complaint makes two definite charges against the appellant as a basis for relief: First, that the elevator used for the removal of the ice plant was dangerous and that the appellant, knowing of such danger, did not warn Mottleson, but permitted him to operate the elevator in its dangerous condition, and that the accident resulted from the operation of the elevator by an inexperienced person. The other point is that the appellant knowingly permitted the deceased child to work in and about the elevator in violation of the Child Labor Law of Montana, which reads as follows:

"Sec. 3095. Any person, company, firm, association, or corporation engaged in business in this state, or any agent, officer, foreman, or other employee having control or management of employees, or having the power to hire or discharge employees, who shall knowingly employ or permit to be employed any child under the age of sixteen years, to render or perform any service or labor, whether under contract of employment or otherwise, in, on, or about any mine, mill, smelter, workshop, factory, steam, electric, hydraulic, or compressed-air railroad, or passenger or freight elevator, or where any machinery is operated, or for any telegraph, telephone, or messenger company, or in any occupation not herein enumerated which is known to be dangerous or unhealthful, or which may be in any way detrimental to the morals of said child, shall be guilty of a misdemeanor and punishable as hereinafter provided."

In view of the fact that the trial court instructed the jury that the appellee could re-

cover by reason of the violation of the child labor law, we will direct our attention to that feature of the complaint, and not otherwise. It is alleged in the complaint that the appellant knowingly permitted the deceased, who was under the age of 16 years, to be employed in and about a passenger and freight elevator on their premises which were occupied by them at the time. This sufficiently charges a violation of the statute. It is argued that inasmuch as the deceased was employed by Mottleson, a junk man, the appellants were not responsible, because it is claimed they did not have the power to hire or discharge this employee. It is argued that: "The company must have a right to hire and discharge, or the officers of the company must have that right before the case falls within the statute. The sense of the section is that the minor must be in the employment of the company which owns or runs the factory, mill, smelter or elevator, and not there casually as the servant of and in the employment of a third person. * * * The minor must be directly in the employment of the factory before the statute can apply, and not in the employment of an independent contractor of a third person who has business or work at the factory."

Appellant adds that section 3095 (Rev. Codes 1921), also provides:

" 'Who shall knowingly employ or permit to be employed,' and in this respect differs from the statutes of some states. Knowingly here means that the factory owner must have knowledge of the unlawful employment of a minor. In the case of a corporation, such knowledge must be brought home to the managing head, or to a person or board who or which has the authority and power to correct the employment."

The question of whether or not the minor was employed by an independent contractor is immaterial if the person, company, firm, association, or corporation knowingly permits the child to be employed about its passenger or freight elevator. The phrase of the statute, "having the power to hire or discharge employees," determines what agents, officers, foremen, or other employees are jointly chargeable with the crime of employing a minor in violation of the Child Labor Law. In this case it is clear that the appellant was in full possession of the building and of the elevator at all times during the period of the employment of the deceased. It had the power to exclude the deceased from its premises and it was its duty to prevent the child from working in and about the freight elevator as

he was doing. The complaint states a cause of action in this regard. .

Notwithstanding the fact that the appellant has not properly raised the question as to the sufficiency of the evidence to justify the verdict, we have examined the same and entertain no doubt as to the sufficiency of the evidence.

Judgment affirmed.

WEBSTER, District Judge, concurs.