**ZIMMERMAN v. POINDEXTER et al.**

Civ. No. 730.

District Court, Hawaii.

Dec. 12, 1947.

poena duces tecum, for an order requiring the production by the Commanding General, Army Ground Forces, Pacific, Honolulu, T. H., of documentary evidence in his possession and specified as, "That certain file and/or a group of files in the custody and possession of said witness and pertaining to the imprisonment by the defendants, of the plaintiff." By answer to such motion, the Secretary of the Army, the lawful custodian of the files of the Department of the Army, for which the subpoena has issued, imposes no objection to the production of the subpoenaed material. However, it does appear from such answer that the requisitioned military files contain confidential investigative reports of the Federal Bureau of Investigation, and that the Attorney General as the custodian of the files of the Federal Bureau of Investigation, through the "Acting, The Assistant to the Attorney General," asserts that such reports of the Federal Bureau of Investigation although now a part of the documentary material in the Military file and in the possession of the Army authorities are privileged under the law against production pursuant to the subpoena, and the court is therefore petitioned by the Attorney General to deny to the plaintiff the production of the reports of the Federal Bureau of Investigation that are contained in the desired Military file now in the possession of the Commanding General at Honolulu, T. H.

We think under the concrete situation before the court in this action that the petition of the Attorney General should be disallowed and that under appropriate conditions hereinafter to be stated the reports of the Federal Bureau of Investigation in the Military file subpoenaed should be made available to plaintiff in this action with all other documentary material in such file.

As we observed, in effect, in ruling on the motions to dismiss the second amended complaint herein, this action is based upon plaintiff's alleged claim that the defendants, one being at the time an agent of the Federal Bureau of Investigation, acted and conducted themselves in excess of their respective lawful authority to the pecuniary damage of the plaintiff. **The**

A. L. Wirin, Fred Okrand, and Frank F. Chuman, all of Los Angeles, Cal., for plaintiff.

Marvin C. Taylor, Sp. Atty., Department of Justice, and William J. Hughes, Atty., Department of War, both of Washington, D. C., for defendants.

McCORMICK, District Judge.

In this action motion has been duly made by the plaintiff, cooperative with a sub-

answers filed by defendants to the second amended complaint, including the answer filed by the defendant agent of the Federal Bureau of Investigation, raise many crucial issues of liabilities and damages, one major issue being as to whether lawful official authority was transcended in the dealings of the defendants before the court as alleged by the plaintiff, and without the appropriate production of the written memorials of the acts and conduct of the parties during the period covered by the pleadings on file, the opportunities for factual suppression and surprise at the trial are facilitated. Such eventualities should be avoided by the court if possible after considering all of the relevant interests legally and prudently to be considered by the court in specific situations in any act of the kind before the court. United States v. Burr, C.C.Va., Fed. Cas. No. 14,692d, 25 Fed. Cas. page 30, and see, also, Volume VIII, Wigmore on Evidence, (3rd Ed.), Sections 2378a and 2379.

█ Primarily it should be noted that under the liberal scope of discovery now provided by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, unless a subpoena for the production of documentary material is both unreasonable and oppressive, it should be effectuated by the court, unless under applicable and lawfully consistent Executive regulations the court after judicial scrutiny concludes that the National interests or the specific situation embodied in the record before the court justifies withholding discovery. Rules 26 to 37, F.R.C.P., under title "Depositions and Discovery," also Rule 45, F. R.C.P.

There is no sufficient showing before the court at this time that the production of the subpoenaed investigative reports is either unreasonable or oppressive. This is particularly true with relation to defendant Robert L. Shivers, who admittedly by his answer to the second amended complaint was during the period covered by such pleading a special agent of the Federal Bureau of Investigation in charge of the bureau thereof for the Territory of Hawaii, and inasmuch as the loyal citizenship of the plaintiff Hans Zimmerman to the United States during his residence in Honolulu, and the alleged actionable deviation from official conduct by the defendants is brought in issue by the answer of defendants filed herein, it is eminently appropriate that all relevant documents which elucidate those vital issues in this action should not be withheld from the court. To rule otherwise in the absence of controlling authority would do violence to the court's duty to search for the truth and would be inimical to the traditional concept of the subpoena duces tecum as a vehicle of proof in Anglo-American jurisprudence.[1]

The only warrant in law for the assertion by the staff of the Attorney General of the privilege against production of the subpoenaed investigative reports of the Federal Bureau of Investigation stems from Section 161 of the Revised Statutes, Title 5, Section 22, U.S.C.A., which reads:

"Departmental regulations. The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

█ It is obvious from the words employed that the statute neither confers legislative function nor limitless authority in prescribing or promulgating regulations. Within their proper spheres governmental executive regulations are not to be disregarded by the court.

But the clear mandate that all executive regulations be "not inconsistent with law" circumscribes the power of the entity prescribing the regulation under consideration, and operates to make the applicability and enforceability of a specific executive department regulation a judicial question for ultimate decision by the court.

The two regulations under which the privilege is asserted against the production of the Federal Bureau of Investigation reports now in the Military file consist of (1) Department of Justice Order Number 3229,

---

[1] Volume VIII, Wigmore on Evidence, 3rd Ed., Sec. 2200.

May 2, 1939, 11 Fed.Reg. 177A—107, sub-paragraph E, 51.71, as follows:

"General rule as to non-availability of Department of Justice records. All official files, documents, records and information in the offices of the Department of Justice, including the several offices of United States Attorneys, Federal Bureau of Investigation, United States Marshals, and Federal penal and correctional institutions, or in the custody or control of any officer or employee of the Department of Justice, are to be regarded as confidential. No officer or employee may permit the disclosure or use of the same for any purpose other than for the performance of his official duties, except in the discretion of the Attorney General, The Assistant to the Attorney General, or an Assistant Attorney General acting for him. Whenever a subpoena duces tecum is served to produce any of such files, documents, records or information, the officer or employee on whom such subpoena is served, unless otherwise expressly directed by the Attorney General, will appear in court in answer thereto and respectfully decline to produce the records specified therein, on the ground that the disclosure of such records is prohibited by this regulation."

And (2) Army Regulations 380—5, paragraph 11:

"Classification of matter from other Governmental agencies.—Matter obtained from the Navy Department, other governmental agency, or friendly foreign government will be placed in the same or equivalent classification category as that in which it was placed by the originating agency."

■ We think the Army regulation of little effect in the concrete problem before the court. It does not pertain to the production of documents in the court; and it contains no express reference to the court or to its processes. It appears to be solely an interdepartmental measure to facilitate and systematize their relations with one another in ways that could not apply to courts.

■ It is clear from the terms of the Justice Department regulation in question that it applies only, first, to documents which are in the various offices of the Department of Justice or with its officers or

employees; and, second, so far as response to a subpoena duces tecum is involved, the regulation applies only where an officer or employee of the Department of Justice is ordered to produce documents in court. None of the required situations are present in the matter before us.

But we think from a broader viewpoint, as well, the position of the Department of Justice regarding production of the Federal Bureau of Investigation reports subpoenaed is untenable.

This case is not one involving the authority of a State court over Federal officers, nor is the action before the court purely a private one. This is indicated by the character of the federally protected rights that are alleged by the plaintiff to have been invaded by the defendants and that are in issue in the case, and also by the appearances of the Assistant Attorney General, and Special Assistant to the Attorney General, and Special Attorney of the Department of Justice, as the attorneys and counsel of record for the defendants.

These factors distinguish the matter before us from Ex parte Sackett, 9 Cir., 74 F. 2d 922, and from other court decisions relied upon by counsel for defendants in their memorandum and arguments. Moreover, the court in Ex parte Sackett was dealing with an employee of the Department of Justice, who the court held was bound to obey his Department regulation and could not be compelled under pain of punishment to violate it. Here, as previously stated, we have an essentially different factual situation. The requisitioned material is here sought from a wholly different organization and from personnel in whose possession it has been voluntarily deposited by the Department of Justice.

■ We conclude by holding that to sustain the assertion of privilege of concealment under the specific situation before the court would be tantamount to abdicating an inherent judicial function of determining the facts upon which the admissibility of evidence in a case depends. This we cannot do. See Crosby v. Pacific S. S. Lines, 9 Cir., 133 F.2d 470, certiorari denied 319 U.S. 752, 63 S.Ct. 1166, 87 L.Ed. 1706.

The expressed attitude of the Secretary of the Army, the Judge Advocate General, and the Commanding General, Army Ground Forces, Pacific, to produce before the court the subpoenaed documents and material specified in a subpoena duces tecum and in the possession of the Commanding General, Army Ground Forces, Pacific, at Honolulu, T. H., appears to require no further order as to such Military authorities and Army officers except a direction, that is now entered, that on or prior to January 10, 1948, all such orders, documents and material, including all investigative and other reports of the Federal Bureau of Investigation among the said Military files as pertain to the imprisonment by the defendants of the plaintiff be delivered to William F. Thompson, Jr., Clerk of the United States District Court for the District and Territory of Hawaii, at Honolulu, T. H., in one or more firmly sealed containers.

The sealed documents and material to be kept and retained intact in the custody of William F. Thompson, Jr., as Clerk of said Court until further order of the Judge assigned by the Senior Circuit Judge of the Ninth Circuit Court of Appeals to hear proceedings and preside at the trial in this action.