### KIRSTNER v. ATLANTIC GREYHOUND CORP.

No. 6280.

United States Court of Appeals
Fourth Circuit.

Argued June 21, 1951.

Decided July 16, 1951.

John H. Small, Charlotte, N. C. (J. Laurence Jones, Charlotte, N. C., on brief), for appellant.

R. Hoyle Smathers, Charlotte, N. C. (Lewis B. Carpenter and William B. Webb, Charlotte, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from a judgment on a verdict for defendant in a personal injury case. Plaintiff was struck by one of defendant's buses at a street intersection in the City of Charlotte, N. C. He contends that the negligence of the driver in the operation of the bus was the cause of his injury. Defendant denies that its driver was guilty of negligence and contends that the negligence of plaintiff was the sole cause of his injury. Under interrogatories submitted pursuant to the practice prevailing in North Carolina the jury found that the plaintiff was not injured by defendant's negligence. No objections to the admission or rejection of testimony are relied on and no exceptions were taken to the charge of the court. There was a motion to set aside the verdict and for a new trial, which was denied; and, from judgment on the verdict for defendant, plaintiff has appealed.

The appeal presents no ground upon which plaintiff can ask relief. It was argued with much force that the jury reached a wrong conclusion in its verdict; but this involves a pure question of fact which is not reviewable by us on appeal. The Seventh Amendment to the Constitution expressly provides that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law". The motion to set aside the verdict and grant a new trial was a matter resting in the sound discretion of the trial judge; and it is well settled that action thereon cannot be made the basis of relief on appeal in the absence of abuse of discretion, which is not present here.

In the interest of justice, we may notice plain error apparent on the record, even though it may not have been made the subject of objection or exception in the court below (see our Rule 10 sec. 8); but a careful examination of the record discloses no plain error which would warrant the exercise of this power. On the contrary, the case was correctly and fairly tried by the able and experienced trial judge and the general law applicable was fairly stated in his charge.

Plaintiff complains that the jury was not more specifically charged with respect to certain aspects of the law; but no request for more specific instructions was presented as required by Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and, if such had been given, it is not likely that they would have affected the result, since it was the facts of the case, not the law, that was in dispute. Plaintiff contends that defendant was guilty of negligence as a matter of law; but the evidence as to the occurrence was conflicting and it cannot be said that, taking it in the light most favorable to defendant, it was not sufficient to support the jury's verdict. Even if the jury had found that the driver of the bus was negligent in some of the respects contended, they could properly have found upon the evidence that the negligence of the plaintiff in stepping backward into the pathway of the oncoming bus was the sole cause of his injury. There was no request for an instructed verdict on the issue of negligence and this precludes our considering the matter on appeal, Pocahontas Coal & Coke Co. v. Cook, 4 Cir., 74 F.2d 878; but, aside from this, it is clear that the judge would not have been warranted in granting an instructed verdict on the issue if it had been asked.

Affirmed.