**LI! et ux. v. UNITED STATES.**

No. 13005.

United States Court of Appeals
Ninth Circuit.

June 30, 1952.

110

O. P. Soares, Honolulu, Hawaii, for appellants.

Howard K. Hoddick, Acting U. S. Atty. District of Hawaii, Nat. Richardson, Jr., Asst. U. S. Atty., District of Hawaii, Honolulu, Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, Miner Lii and Alice Lii, husband and wife, were indicted in the United States District Court for the District of Hawaii under 18 U.S.C.A. § 2421.[1] The indictment alleged that "on or about the 9th day of October, 1950, [appellants] did knowingly, wilfully, unlawfully and feloniously procure and obtain a ticket from the office of Pan American World Airways at 222 Stockton Street, San Francisco, California, to be used by a woman, namely, Sara Wright, in interstate commerce in going from San Francisco, California, to the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this court, for the purpose of prostitution, debauchery and other immoral purposes, which said ticket was used by the said Sara Wright in interstate commerce in going

1. Section 2421 provides: " * * . * Whoever knowingly procures or obtains any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate * * * commerce, or in the District of Columbia or any Territory or Possession of the United States, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in the District of Columbia or any Territory or Possession of the United States—

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

from San Francisco, California, to the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this court, for the purpose of prostitution, debauchery and other immoral purposes, which said ticket was used by the said Sara Wright in going from San Francisco, California, to the City and County of Honolulu, Territory of Hawaii, for the purposes aforesaid in violation of Section 2421, Title 18, United States Code."

Appellants were arrested, were admitted to and released on bail, were arraigned, pleaded not guilty and were tried and found guilty. Thereupon judgments were entered sentencing each of them to be imprisoned for four years and to pay a fine of $1,-000. They have appealed.

Appellants' brief contains a specification of errors[2] consisting of 12 numbered paragraphs, hereafter called specifications, each specifying an alleged error. These are numbered 1–3 and 5–13. There is no specification 4.

Specification 1 is that "The court erred in overruling [appellants'] objection to trial by that jury in front of which they had been found guilty of contempt, fined and placed in custody of the United States marshal." As to this, the facts are as follows:

The case was called for trial at 9:30 A.M. on Monday, May 21, 1951, having been theretofore set for trial at that time. At that time, the court, the clerk of the court, 28 prospective jurors, counsel for the Government and counsel for appellants were present, but appellants did not appear until about 10:30 A.M. When they did appear, the court asked them why they had not been present when the case was called for trial. They replied that they had thought the case was set for trial on Wednesday. Thereupon the court said: "Well, your lawyer knew it was on Monday, and

he tells me that he told you it was Monday. You kept 28 jurors waiting here now for practically an hour. The court finds you in contempt, each of you, for not being here when your case was called, and I fine you each $50 apiece, and you will be in the custody of the marshal until that fine is paid."

The court then directed the clerk to call the jurors. Thereupon appellants' counsel said: "If the court please, we would be ready for trial except for this incident now, in the presence of the jury, which we submit was prejudicial to [appellants'] rights to a fair and impartial trial, the court having found in the presence of the jury [appellants] guilty in contempt and assessing a fine and ordering them into the custody of the marshal. I submit that it interferes with their obtaining a fair and impartial trial." Thereupon the court said: "I see no point whatever in your objection."

After the objection was overruled, a jury was empaneled and, before hearing any evidence, was admonished by the court as follows: "Now you are trying [appellants] for just what they are indicted for in this case and nothing else. What their conduct may have been in other affairs is of no concern to you in trying this case. You were present when the court had been aggrieved by their failure to be here at the time set for trial, and the court found them in contempt, guilty of contempt, and punished them. That is of no consideration to you gentlemen at all. It doesn't enter into this trial of this case in any respect whatsoever. In your minds, it should not." We assume that the jury heeded the admonition, the record showing nothing to the contrary.

Specifications 2, 3, 10, 11 and 13 relate to the admission of evidence, but do not (as required by our Rule 20)[3] quote

---

2. Our Rule 20 provides:

"1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *

"2. This brief shall contain * * *

"(d) In all cases save those of admiralty, a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the er-

ror alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. * * * "

3. See footnote 2.

the grounds, if any, urged at the trial for the objections, if any, and the full substance of the evidence admitted. Hence we are not required to consider these specifications.[4] However, we have considered them and find no merit in them.

Specification 5 is that "The court erred in permitting [Sara Wright] to remain in the court, although the jury was excluded, while [appellants] made an offer of proof to be elicited on cross-examination of [Sara Wright]." As to this, the facts are as follows:

On cross-examination of Sara Wright, a Government witness, appellants' counsel asked a question to which Government counsel objected on the ground of immateriality. The court did not immediately rule on the objection, but stated: "I can't see the materiality." Appellants' counsel then said: "I'd like to make an offer of proof." The court said: "I think that we had better let the jury be excused then." The jury was "excused" and left the courtroom. Appellants' counsel thereupon moved that the witness also be "excused"— meaning, we suppose, that she be required to leave the courtroom—while the offer of proof was being made. The motion was denied, and the witness remained in the courtroom. The granting or denial of the motion was within the discretion of the court.[5] We cannot say that its denial was an abuse of that discretion.

Specifications 6, 7 and 9 relate to the exclusion of evidence, but do not (as required by our Rule 20)[6] quote the grounds, if any, urged at the trial for the objection, if any, and the full substance of the evidence rejected. Hence we are not required to consider these specifica-

tions.[7] However, we have considered them and find no merit in them.

Specification 8 is that "The court erred in overruling [appellants'] motion for a directed verdict as to [appellant] Miner Lii." Motions for directed verdict were abolished and motions for judgment of acquittal were substituted therefor by Rule 29(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., effective March 21, 1946—more than five years before this case was tried. However, at the close of the evidence offered by the Government, appellants made a so-called motion for a directed verdict as to appellant Miner Lii, and the court denied it. Thereafter both appellants offered evidence, which the court received. Offering such evidence constituted a waiver of the so-called motion for a directed verdict and would have constituted such a waiver, even if that motion had been a motion for a judgment of acquittal.[8] Actually, no motion for a judgment of acquittal was made by or on behalf of appellants or either of them at the close of the evidence offered by the Government or at the close of all the evidence, nor was there any basis for such a motion. The evidence amply warranted appellants' conviction.

Specification 12 is that "The court erred in permitting a continuance of the trial in order that the [Government] might produce additional witnesses, and in refusing to permit [appellants] to have a reasonable continuance in order to procure a witness whose testimony was made necessary by testimony adduced by the [Government] on its case in rebuttal." The granting or denial of the continuances referred to was within the discretion of the court.[9] We

4. Ziegler v. United States, 9 Cir., 174 F. 2d 439; Mosca v. United States, 9 Cir., 174 F.2d 448; DuVerney v. United States, 9 Cir., 181 F.2d 853.

5. Hood v. United States, 8 Cir., 23 F.2d 472; Reger v. United States, 10 Cir., 46 F.2d 38; Tinkoff v. United States, 7 Cir., 86 F.2d 868; Oliver v. United States, 10 Cir., 121 F.2d 245; Gates v. United States, 10 Cir., 122 F.2d 571; Mitchell v. United States, 10 Cir., 126 F.2d 550; Kaufman v. United States, 6

Cir., 163 F.2d 404; United States v. Chiarella, 2 Cir., 184 F.2d 903.

6. See footnote 2.

7. Ziegler v. United States, supra; DuVerney v. United States, supra.

8. Mosca v. United States, supra.

9. Brady v. United States, 9 Cir., 26 F.2d 400; Crono v. United States, 9 Cir., 59 F.2d 339; Kramer v. United States, 9 Cir., 166 F.2d 515; Todorow v. United States, 9 Cir., 173 F.2d 439.

cannot say that, in granting one and denying the other, that discretion was abused.

Appellants here contend that, if committed at all, the offense charged in the indictment was committed in the Northern District of California and not in the District of Hawaii, thus, in effect, contending that they were indicted, tried and convicted in the wrong district. The question thus attempted to be raised is a question of venue and not (as appellants imagine) a question of jurisdiction. Having gone to trial on the merits without raising the question, appellants are not permitted to raise it here.[10]

Judgments affirmed.

10. Rodd v. United States, 9 Cir., 165 F.2d 54.