## GORDON v. UNITED STATES.
### No. 13197.

United States Court of Appeals
Ninth Circuit.
Feb. 18, 1953.

Rehearing Denied March 18, 1953.

William Strong, Beverly Hills, Cal., for appellant.

Walter S. Binns, U. S. Atty., Bernard B. Laven, Asst., Los Angeles, Cal., and Clyde R. Maxwell, Jr., Trial Attorney, Penal Div., Bur. of Int. Rev., San Francisco, Cal., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Leonard S. Gordon, was indicted for violating 26 U.S.C.A.Int.Rev.

Code, § 145(b).[1] The indictment was in four counts. Count 1 charged that on or about April 15, 1946, in Los Angeles County, California, appellant "did willfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1945 by filing and causing to be filed with the Collector of Internal Revenue for the Sixth Internal Revenue Collection District of California, at Los Angeles, a false and fraudulent income tax return wherein he stated that his net income for said calendar year, computed on the community property basis, was the sum of $29,575.63 and that the amount of income tax due and owing thereon was the sum of $12,765.27, whereas, as he then and there well knew, his net income for the said calendar year, computed on the community property basis, was the sum of $39,507.62, upon which said net income he owed to the United States of America an income tax of $19,374.52."

Count 2 charged that on or about April 15, 1946, in Los Angeles County, California, appellant, "who during the calendar year 1945 was married to Frances Marion Gordon, did willfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by the said Frances Marion Gordon to the United States of America for the calendar year 1945 by filing and causing to be filed with the Collector of Internal Revenue for the Sixth Internal Revenue Collection District of California, at Los Angeles, California, a false and fraudulent income tax return wherein it was stated that her net income for said calendar year, computed on the community property basis, was the sum of $29,575.64 and that the amount of tax due and owing thereon was the sum of $12,765.27, whereas, as he then and there well knew, her net income for the said calendar year, computed on the community property basis, was the sum of $39,507.62, upon

1. Section 145(b) provides that "any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter [26 U.S.C.A.Int.Rev. Code, §§ 1–421] or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and,

upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution." The chapter referred to imposes income taxes.

which said net income there was owing to the United States of America an income tax of $19,374.52."

Count 3 charged that on or about March 15, 1947, in Los Angeles County, California, appellant "did willfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1946 by filing and causing to be filed with the Collector of Internal Revenue for the Sixth Internal Revenue Collection District of California, at Los Angeles, a false and fraudulent income tax return wherein he stated that his net income for said calendar year, computed on the community property basis, was the sum of $7,920.71 and that the amount of tax due and owing thereon was the sum of $1,411.90, whereas, as he then and there well knew, his net income for the said calendar year, computed on the community property basis, was the sum of $19,719.31, upon which said net income he owed to the United States of America an income tax of $6,000.42."

Count 4 charged that on or about March 15, 1947, in Los Angeles County, California, appellant, "who during the calendar year 1946 was married to Frances Marion Gordon, did willfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by the said Frances Marion Gordon to the United States of America for the calendar year 1946 by filing and causing to be filed with the Collector of Internal Revenue for the Sixth Internal Revenue Collection District of California, at Los Angeles, California, a false and fraudulent income tax return wherein it was stated that her net income for said calendar year, computed on the community property basis, was the sum of $7,920.71 and that the amount of tax due

and owing thereon was the sum of $1,411.-90, whereas, as he then and there well knew, her net income for the said calendar year, computed on the community property basis, was the sum of $19,719.31, upon which said net income there was owing to the United States of America an income tax of $6,000.-42."

Appellant was arraigned, pleaded not guilty and was tried and found guilty on all counts of the indictment. Thereupon, on October 22, 1951, a judgment was entered sentencing appellant to be imprisoned for three years on each count of the indictment, the prison sentence on count 2 to run concurrently with that on count 1, the prison sentence on count 3 to run consecutively with that on count 1, and the prison sentence on count 4 to run concurrently with that on count 3; suspending the execution of the prison sentences on counts 1 and 2 and admitting appellant to probation for five years with respect to those counts, on condition that he pay a fine of $10,000 on count 1 at the rate of $175 per month, commencing on November 1, 1951; suspending the execution of the prison sentences on counts 3 and 4 and admitting appellant to probation with respect to those counts, on condition that he pay a fine of $10,000 on count 3 (in addition to the fine on count 1) at the rate of $175 per month, commencing on November 1, 1951, such monthly payments to be made concurrently with, and in addition to, those previously mentioned. This appeal is from that judgment.

Appellant's brief contains a specification of errors [2] improperly entitled "Points and errors on appeal." The specification contains nine paragraphs. Paragraph 1 does not set out any error.[3] It merely states: "The evidence is not sufficient to sustain

**2.** Our Rule 20 provides:

"1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *

"2. This brief shall contain * * *

"(d) * * * a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the error is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the ob-

jection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. * * *"

**3.** See our Rule 20, supra.

the verdict or judgment of guilty as to any count in the indictment." The statement is incorrect. The evidence is sufficient to sustain the verdict and judgment as to each count of the indictment.

Paragraph 2 of the specification states: "The court erroneously admitted in evidence the amended returns for 1945 and 1946." Paragraph 3 of the specification states: "The court erroneously admitted into evidence on behalf of the prosecution summaries of evidence without proper foundation and without evidentiary support in the record." Paragraph 5 of the specification states: "The court erred in not permitting appellant full latitude to develop and introduce oral and written evidence relating to competent, relevant and material activities in 1942, 1943, 1944 and 1947." Paragraph 6 of the specification states: "The court erroneously admitted on behalf of the prosecution oral and written evidence pertaining to purported prior similar offenses and acts." Paragraph 8 of the specification states: "The court erred in refusing to admit in evidence various exhibits offered by appellant, and in overruling appellant's objections and motions as to certain of the prosecution's evidence, and in admitting such evidence." Thus paragraphs 2, 3 and 6 relate to the admission of evidence, paragraph 5 relates to the rejection of evidence, and paragraph 8 relates to the admission and rejection of evidence. These paragraphs do not quote the grounds, if any, urged at the trial for the objections, if any, or the full substance of the evidence admitted or rejected, or refer to the pages of the record where the same may be found.[4] Hence these paragraphs need not be considered.[5]

Paragraph 4 of the specification states: "The court erred in overruling appellant's motions to strike certain counts in the indictment on grounds of double jeopardy." There was, in fact, no motion to strike any count of the indictment.

Paragraph 7 of the specification states: "The trial judge erred in denying appellant's motions at the trial." Many motions of appellant were denied at the trial. Paragraph 7 does not designate or specify the motions said to have been erroneously denied or refer to the pages of the record where the same may be found. Thus paragraph 7 fails to set out separately and particularly the alleged errors therein referred to.[6] Hence it need not be considered.

Paragraph 9 of the specification states: "The court failed to give the jury full and correct instructions as to the law applicable in this case, and specifically, refused and failed to give to the jury certain instructions offered by appellant." This paragraph relates to the charge of the court. In effect, it states that the court erred in refusing and failing to include in the charge certain instructions requested by appellant. It does not set out the requested instructions totidem verbis, or at all, or the grounds, if any, of the objections, if any, urged at the trial.[7] Hence it need not be considered.[8]

However, we have considered all paragraphs of the specification, have examined the entire record and have found no reversible error.

Judgment affirmed.

4. See our Rule 20, supra.

5. Ziegler v. United States, 9 Cir., 174 F. 2d 439; Mosca v. United States, 9 Cir., 174 F.2d 448; DuVerney v. United States, 9 Cir., 181 F.2d 853; Lii v. United States, 9 Cir., 198 F.2d 109; Cly v. United States, 9 Cir., 201 F.2d 806.

6. See our Rule 20, supra.

7. See our Rule 20, supra.

8. Ziegler v. United States, supra; Mosca v. United States, supra; DuVerney v. United States, supra; Cly v. United States, supra.