## EDWARDS v. STEINNS.
### No. 6647.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 22, 1953.

Decided Nov. 9, 1953.

Henry E. Howell, Jr., Norfolk, Va.
(Jett, Sykes & Howell, Norfolk, Va., on
brief), for appellant.

Harry E. McCoy, Jr., Norfolk, Va. (Hughes, Little & Seawell, Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WILKIN, District Judge.

WILKIN, District Judge.

This appeal, from an order overruling motion for new trial and a judgment for defendant, is based on six grounds:

(1) Error in admission of testimony that plaintiff had not paid for his medical expenses.

(2) Error in overruling the motion to dismiss the jury after the foreman had informed the court that the jurors were unable to agree but could reach a verdict if they knew whether the plaintiff had received compensation.

(3) Error in inferring to the jury that their question regarding compensation payments might be answered by the testimony.

(4) Error in permitting the jury to be informed that the case had been tried before.

(5) Error in charging the jury that defendant would not be liable "if the winch was in proper condition, but the accident was caused by the manner in which the stevedores operated the winch" and refusing to instruct the jury that the burden of proving the accident resulted from negligence of a fellow servant was upon the defendant, and

(6) That the verdict is contrary to the law and the evidence.

The complaint alleged that the plaintiff, a longshoreman, had suffered injury to his back as a result of the unseaworthiness of the unloading equipment of the defendant's steamship, from which he was employed, by B. H. Sobelman and Company (stevedores), to assist in removing a cargo of peat moss.

The case was first tried in July, 1952, but the jury could not agree on a verdict. On a second trial, in January, 1953, the jury returned a verdict for the defendant.

Prior to the first trial the insurer of the plaintiff's employer, Sobelman & Company, paid for plaintiff's medical treatment, as required by law. Title 33 U.S.C.A. § 901 et seq. At pre-trial conference it was agreed that the amount of the bill for medical expense should be offered in evidence so that it could be included in the verdict if the jury found for plaintiff, but it was understood in that event that the amount already paid would be refunded.

Counsel for plaintiff went further and asked plaintiff why he had stopped going for medical treatments. And plaintiff answered "Couldn't afford to go anymore." This was objected to by defendant, and the court permitted cross-examination as to medical expense and its payment. Then counsel for plaintiff objected to such cross-examination.

After the jury came into court and enquired, "whether this man, Thomas Edwards, had been receiving any compensation from the State Compensation Commission," counsel for plaintiff moved "for a dismissal of this jury and a retrial." He said the jury had been improperly influenced by the testimony regarding payment of medical expense and had been considering that the plaintiff had also received compensation, and were apparently taking that into account in determining how much to award the plaintiff.

The court overruled the motion. But the court charged the jury as to their enquiry: "It should not concern you at all as a matter of law." The court said also: "that the evidence concerning medical expenses was introduced for the purpose of explaining that while he had not paid the expenses himself, they had been paid, and, therefore, they were proper items of allowance in the event you brought in a verdict for the plaintiff. * * * Now, so far as any compensation is concerned, the jury should not concern itself in any way upon that point" etc. And in the final charge the court instructed the jury as to the proper measure of damages and the items that should be considered, together with

a charge against sympathy, prejudice or bias.

■■ This Court finds no prejudicial error in what was done, and assignments of error (1), (2) and (3) are overruled.[1]

■ There was no prejudicial error in the statements and references regarding the former trial. Statements by counsel, by the witnesses, by the Court, and even the exhibits, revealed that the case had been tried before. It is almost impossible to try a case the second time without revealing some evidence of the former trial. Counsel for plaintiff waived this assignment of error (4) at time of argument.

■ There was no error in the charge of the court that the defendant would not be liable if the jury found that the accident was caused by the manner in which the stevedores operated the winch. The basis of the complaint was the allegation that the unloading equipment, the winch, was not seaworthy. The stevedores who were operating the winch were the employees of B. H. Sobelman & Company. The Court merely told the jury that the defendant, the owner of the ship, could not be held responsible if the accident was caused by the carelessness of someone else. The "fellow servant rule" was not involved and there was no occasion for the Court to instruct the jury that the burden of proving negligence by a fellow servant rested on the defendant. It was proper to instruct the jury that the defendant, the ship owner, could not be held liable if the winch was in good working condition and the accident was caused by the stevedores who operated the winch. Assignment of error No. 5 is therefore overruled.

■■ The sixth assignment of error must be overruled because the proper basis for such an argument was not made in the trial court. It is well settled that under the federal practice an appellate court will not consider the sufficiency of the evidence to sustain a verdict in the absence of a request for an instructed verdict in the court below. Hartford Life & Annuity Ins. Co. v. Unsell, 144 U.S. 439, 451, 12 S.Ct. 671, 36 L.Ed. 496; Kennedy Lumber Co. v. Rickborn, 4 Cir., 40 F.2d 228, 230; Pocahontas Coal & Coke Co. v. Cook, 4 Cir., 74 F.2d 878; Kirstner v. Atlantic Greyhound Corp., 4 Cir., 190 F.2d 422. The motion made after verdict to set the verdict aside was addressed to the sound discretion of the trial judge and cannot be made the basis for relief on appeal in the absence of abuse of discretion.

1. The plaintiff himself offered the evidence that opened the door for the testimony that occasioned the confusion. He is hardly in a position to complain about what followed. When counsel agreed at pre-trial conference that testimony should be offered as to the amount paid for medical treatment, they would have done well to agree also on what that amount was and then give that amount to the jury. Examination of witnesses, with the risk of extraneous considerations, could then have been avoided. When the confusion developed and counsel on both sides of the case were fearful of improper inferences which might be drawn by the jury from the questioned testimony, the Court remarked that in view of the situation which had developed, the jury ought to be told just what the situation was with respect to the insurance and payments; in other words, just what the facts were. The judge said "Why would not this answer the purposes, to say to the jury that the plaintiff was employed by this stevedoring company and the law requires his employer to pay any medical or hospital expenses which he might sustain by reason of his employment; that such payments have been made, and if the jury reaches the conclusion that they should find for the plaintiff, the amount of such payments should be included in their verdict but that the company would be entitled to receive that back from the plaintiff? Now, would that answer the purpose?" This was sound counsel.

Trial Court and Appellate Court experience indicates that it is best to be completely frank with the jury and let it have all the facts, together with a clear statement of the law applicable to such facts. Industrial insurance is familiar to most jurors today. The likelihood of prejudice or bias from full information is not so great as the likelihood of wrong inferences from partial information.

Kirstner v. Atlantic Greyhound Corp., supra.

Regardless of the rule, it may be said, in passing, that there is ample evidence to support the verdict.

The judgment of the District Court will therefore be

Affirmed.