UNITED STATES ex rel. MATHEOS

v.

GARFINKEL.

Civ. A. No. 10900.

United States District Court
W. D. Pennsylvania.

March 18, 1954.

Joseph D. Ripp, Pittsburgh, Pa., for plaintiff.

William B. Taffet, Philadelphia, Pa., for defendant.

GOURLEY, Chief Judge.

In this habeas corpus proceeding the issue before the court is based on the alleged denial of constitutional rights by the Immigration and Naturalization Service in the issuance of a deportation order.

On the 22nd day of December, 1953, the Court entered an order in which the deportation was stayed pending compliance by the Immigration and Naturalization Service with the order of court which required oral and documentary testimony to be presented in accordance with law.

Inquiry has been made of the court by the Immigration and Naturalization Service as to whether or not the court intended to discharge the petitioner in the naturalization proceeding from the custody of the law if the Immigration and Naturalization Service failed or neglected to comply with the order of court.

In the order entered on the 22nd day of December, 1953, it was specifically set forth that jurisdiction shall be and

remain with this court pending final disposition of the within matter. In order to clarify this statement, it is not the intention of the court to discharge the petitioner from the custody of the law if the Immigration and Naturalization Service refuses to comply with the order of court, but only to stay or hold the habeas corpus proceeding in abeyance until compliance is made with said order.

It is difficult to understand why an additional hearing has not been fixed due to more than a reasonable length of time having elapsed between the date of the court's order and the present time since if the recommendation of the court had been followed, the issues involved in this proceeding, no doubt, could have finally been adjudicated.

The important question which arises is whether or not the Immigration and Naturalization Service has afforded to the petitioner due process in connection with the hearings which were held by the Immigration and Naturalization Service on the basis of which the order of deportation was premised.

A review of the various hearings which were held indicates to the court that compliance was not made under the due process clause of the Constitution for the reason that evidence was improperly admitted, and considered in the conclusion reached that petitioner was the subject of a deportation order.

Decisions of an administrative agency which are not made in accordance with law require the court in the interests of justice to notice plain error apparent on the record even though it may not have been made the subject of objection or exception. Commissioner of Internal Revenue v. Wells, 6 Cir., 132 F.2d 405, 408; Kirstner v. Atlantic Greyhound Corp., 4 Cir., 190 F.2d 422; Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.

In the consideration of the proceeding by the Immigration and Naturalization Service, reports of two inspectors were admitted in evidence without objection but the record does not indicate

that said reports were required to be kept and maintained by the governmental agency so as to become a part of a record kept by the governmental agency in its regular course of business. If it is established that the Act of Congress under which the Immigration and Naturalization Service functions requires that investigations and reports of inspectors are to be kept and maintained as a part of the business of said governmental agency, said reports would be admissible. 28 U.S.C.A. § 1732; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 183 F.2d 467, 472.

 In addition thereto, subject to objection a report submitted to the governmental agency by some person representing the Greek Consulate, whose identity was not known due to the illegibility of the signature, was admitted in evidence. What has been stated as to the reports of the inspectors would also apply if the identity of the person who submitted the report was made known.

 Reports of this nature properly identified are admissible in evidence although they are hearsay in nature and the contents thereof go to the weight to be given the facts which appear therein rather than to their admissibility. Moran v. Pittsburgh-Des Moines Steel Co., supra.

Although the petitioner would be adversely affected by the admissibility of said records if properly proved, he would not be bound thereby and would have the right to contradict, modify or explain any fact or statement which appears therein. It is self-evident this could not be done where no information is given as to the name or the identity of the individual who submitted the report to the Immigration and Naturalization Service in behalf of the Greek Consulate.

In view of the foregoing, it is self-evident the order entered by this court is not final and it is, therefore, recommended by the court that immediate action be taken on the part of the Immigration and Naturalization Service to comply with the provisions of law as to the admissibility of evidence which was considered by the governmental agency in the entry of the order of deportation. At such time as compliance is made with the order of this court, on application of the government the matter will be immediately considered and adjudicated by the court.