**Hans ZIMMERMAN, Appellant,**

v.

**Delos C. EMMONS, Appellee.**

**No. 13144.**

United States Court of Appeals
Ninth Circuit.

Aug. 1, 1955.

Wirin, Rissman & Okrand, A. L. Wirin, Los Angeles, Cal., Bouslog & Symonds, Honolulu, Hawaii, for appellant.

Warren E. Burger, Asst. Atty. Gen., Washington, D. C., Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, Marvin C. Taylor, Edward H. Hickey, Attorneys, Department of Justice, Washington, D. C., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., E. M. Brannon, Major General, U. S. A., Judge Advocate General of the Army, William J. Hughes, Jr., Colonel, J.A.G.C.–U.S.A.R., Washington, D. C., Morris Goldschlager, Captain, J. A. G. C., Mount Vernon, N. Y., for appellee.

Before MATHEWS and ORR, Circuit Judges, and DRIVER, District Judge.

MATHEWS, Circuit Judge.

■ On May 8, 1946, in the United States District Court for the District of Hawaii, appellant, Hans Zimmerman,[1] a citizen of Hawaii, instituted a civil action for damages. On or before June 9, 1947, appellant filed an amended complaint and a second amended complaint. The second amended complaint named 12 defendants, including appellee, Delos C. Emmons, a citizen of California. Appellee was not served with process and did not appear or plead until November 30, 1950, at which time he answered the second amended complaint. Thereafter, on November 30, 1950, appellant moved for a summary judgment. On December 5, 1950, while the motion was pending, a jury trial was commenced. After the jury was impaneled and before any evidence was adduced, the motion was denied. Thereafter, in the course of the trial, appellant filed, and appellee answered, a third amended complaint, which named appellee as the sole defendant [2] and prayed judgment against him for $322,647.42. The jury returned a verdict for appellee, a judgment for appellee was entered thereon, and a motion for a new trial was filed by appellant and was denied. This appeal followed.

■ Appellant specifies as error the denial of the motion for a summary judgment. There is no merit in this specification. The pleadings, depositions and admissions on file, together with the affidavits, did not, at the time of the filing of the motion or at the time of its denial, show that there was no genuine issue as to any material fact and that appellant was entitled to a judgment as a matter of law. Hence no summary judgment was warranted.[3]

■ Appellant specifies as error the rejection of evidence to the effect that counsel for appellant and counsel for appellee had agreed (1) that, if appellant obtained a verdict against appellee, appellant would not seek to enforce payment thereof without first seeking such payment from Congress, and (2) that, in consideration of this "assurance," appellee would submit himself to the jurisdiction of the United States District Court for the District of Hawaii. This specification does not, as required by our

1. See Ex parte Zimmerman, 9 Cir., 132 F.2d 442; Zimmerman v. Poindexter, D.C.Hawaii, 74 F.Supp. 933; Id., D.C. Hawaii, 78 F.Supp. 421.

2. Thus, in effect, the action was dismissed as to all defendants except appellee.

3. See Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 18,[4] quote the grounds, if any, urged at the trial for the objection, if any, to the evidence rejected. Hence we are not required to consider this specification.[5] However, we have considered it and have found no merit in it.

■ Appellant specifies as error the giving of instructions to the jury and the refusal to give instructions to the jury.[6] These specifications do not, as required by our Rule 18,[7] set out the instructions referred to totidem verbis, together with the grounds, if any, of the objections, if any, urged at the trial. Hence we are not required to consider these specifications.[8] However, we have considered them and have found no merit in them.

■ Appellant specifies as error an alleged communication with the jury. This specification states: "The court erred in communicating with the jury by replying to their note indicating they were deadlocked, out of the presence of counsel, by returning a note saying, 'No comment,' in that the jury had at that time been deliberating fifteen hours, more or less,[9] and the court's refusal to receive the message in open court and to discharge the jury at that time, taken together with the court's instruction about the duty of the jury to agree, amounted to moral coercion of the jury." These statements are not borne out by the record. The notes referred to are not in the record, nor is there in the record any competent evidence that any such notes were sent or received. It does not appear from the record that the court ever refused to receive a message from the jury, or that the jury ever asked to be discharged, or that there was at any time any coercion of the jury.

■ Appellant contends that the verdict was contrary to and not supported by the evidence. No motion for a directed verdict having been made by appellant, this contention cannot be considered.[10]

■ Appellant specifies as error the denial of the motion for a new trial.

4. Paragraph (d) of subdivision 2 of Rule 18 (formerly Rule 20) provides: " * * When the error alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. * * * "

5. Ziegler v. United States, 9 Cir., 174 F.2d 439; DuVerney v. United States, 9 Cir., 181 F.2d 853; Lii v. United States, 9 Cir., 198 F.2d 109; Cly v. United States, 9 Cir., 201 F.2d 806; Gordon v. United States, 9 Cir., 202 F.2d 596; State of Washington v. United States, 9 Cir., 214 F.2d 33.

6. Four specifications relate to instructions given. One relates to instructions refused.

7. See footnote 4.

8. Ziegler v. United States, supra; Mosca v. United States, 9 Cir., 174 F.2d 448; DuVerney v. United States, supra; Cly v. United States, supra; Gordon v. United States, supra.

9. The case was submitted to the jury at 4:05 P.M. on December 21, 1950. The verdict was returned at 5:45 P.M. on December 22, 1950.

10. Sharples Separator Co. v. Skinner, 9 Cir., 251 F. 25; Harris v. Moreland Motor Truck Co., 9 Cir., 279 F. 543; Continental National Bank v. Neville, 9 Cir., 285 F. 565; Bank of Italy v. F. Romeo & Co., 9 Cir., 287 F. 5; United Verde Copper Co. v. Jaber, 9 Cir., 298 F. 97; Steil v. Holland, 9 Cir., 3 F.2d 776; Southern Pacific Co. v. Johnson, 9 Cir., 8 F.2d 993; Sacramento Suburban Fruit Lands Co. v. Elm, 9 Cir., 29 F.2d 233; Swift & Co. v. Daly, 9 Cir., 44 F.2d 40; Equitable Life Assurance Society of United States v. MacDonald, 9 Cir., 96 F.2d 437. See, also, Palmer v. Miller, 8 Cir., 145 F.2d 926; Traders & General Ins. Co. v. Shoemake, 10 Cir., 199 F.2d 85; Smith v. Boggia, 2 Cir., 200 F.2d 604; Irvin Jacobs & Co. v. Fidelity & Deposit Co., 7 Cir., 202 F.2d 794, 37 A.L.R.2d 889; Edwards v. Steinns, 4 Cir., 207 F.2d 734; Funk v. Seaboard Air Line R. Co., 5 Cir., 212 F.2d 434.

**100**

A motion for a new trial is addressed to the trial court's discretion, and the denial of such a motion is reviewable only in case of an abuse of discretion.[11] Here no abuse of discretion is shown.

Judgment affirmed.

11. McLeod Lumber Co. v. Western Redwood Co., 9 Cir., 8 F.2d 930; Allison v. Standard Air Lines, 9 Cir., 65 F.2d 668; Spokane International Ry. Co. v. United States, 9 Cir., 72 F.2d 440; Blythe v. Doheny, 9 Cir., 73 F.2d 799; Bateman v. Donovan, 9 Cir., 131 F.2d 759; United States v. Bransen, 9 Cir., 142 F.2d 232; Thiel v. Southern Pacific Co., 9 Cir., 149 F.2d 783; Brown v. New York Life Ins. Co., 9 Cir., 152 F.2d 246; Everett v. Southern Pacific Co., 9 Cir., 181 F.2d 58; Pacific Contact Laboratories, Inc., v. Solex Laboratories, 9 Cir., 209 F.2d 529.