## In re SHERBONDY.

Court of Customs and Patent Appeals.
October 7, 1929.

Patent Appeal No. 2592.

Bates, Golrick & Teare, of Cleveland, Ohio, and Harry F. Riley, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Justice, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

PER CURIAM. ▆ In this case, a motion has been made for leave to file a petition for appeal and to pay the advance fee occasioned by such filing, nunc pro tunc as of August 1, 1929. The motion was filed herein on August 6, 1929, and is supported by affidavit. This affidavit discloses that a notice of appeal was filed in the Patent Office on June 15, 1929; that the attorney for appellant was advised on July 13, 1929, by the Commissioner of Patents that the time for filing the appeal in this court expired on August 2, 1929; that on July 18, he advised the Commissioner to file a transcript with the Court of Customs and Patent Appeals in such case, but did not prepare or file with the clerk of this court a petition for appeal or advance the necessary filing fee; that no extension of time for filing the transcript was asked from the Commissioner; and that the attorney relied upon the practice in the United States Circuit Court of Appeals, where it is averred it is the practice to remit the filing fee on receipt of notice from the clerk that the transcript on appeal has been filed. No attempt is made to show any knowledge on the part of the mover, of the rules of this court.

The Court of Appeals of the District of Columbia was created by the Act of Feb. 9, 1893 (27 Stat. 434), and was, by that act, given jurisdiction over appeals from the Patent Office (section 9 [35 USCA § 59]). Thereafter the said court adopted certain rules of practice. One of these was Rule XXII, which is, in part, as follows:

### "RULE XXII.

"Appeals from the Board of Appeals of the Patent Office.

"1. All certified copies of papers and evidence on appeal from the decision of the Board of Appeals shall be received by the clerk of this court, and the cases, by titling

and number as they appear on the record in the Patent Office, shall be placed on a separate docket to be designated as the 'Patent Appeal Docket'; and upon filing such copies, the party appellant shall deposit with the clerk, or secure to be paid as demanded, an amount of money sufficient to cover all legal costs and expenses of the appeal; and upon failure to do so his appeal shall be dismissed. The clerk shall, under this titling of the case on the docket, make brief entries of all papers filed and of all proceedings had in the case.

"2. The appellant, upon complying with the preceding section of this rule, shall file in the case a petition, addressed to the court, in which he shall briefly set forth and show that he has complied with the requirements of sections 4912 and 4913 of the Revised Statutes of the United States, to entitle him to an appeal, and praying that his appeal may be heard upon and for the reasons assigned therefor to the commissioner. Said reasons of appeal having been filed with the Commissioner of Patents, and made a part of the record shall not be repeated in the petition of appeal. Said appeal shall be taken within 40 days from the date of the ruling or order appealed from, and not afterwards.

"If the petition for an appeal and the certified copies of papers and evidence on appeal mentioned in this and the preceding section of this rule shall not be filed and the case duly docketed in this court within 40 days (exclusive of Sundays and legal holidays) from the day upon which notice of appeal is given to the Commissioner of Patents, unless such time for special and sufficient cause be extended by the commissioner, such time to be definite and fixed, the commissioner, upon such facts being brought to his attention by motion of the appellee, duly served upon the appellant or his attorney, may take such further proceedings in the case as may be necessary to dispose of the same, as though no notice of appeal had ever been given."

The essential portion of this rule was adopted and promulgated in 1894, and has since been the rule of said court. When the patent jurisdiction was transferred to this court, as above stated, this court, on April 1, 1929, adopted and promulgated the said rule as its rule until further notice. It is now the rule of this court.

The United States Patent Office, pursuant to the provisions of section 4912, R. S. (35 USCA § 60), adopted and promulgated in 1897 the essential portion of what is now Rule 149, which is, in part, as follows:

"149. When an appeal is taken to the Court of Appeals of the District of Columbia, the appellant shall give notice thereof to the Commissioner, and file in the Patent Office, within forty days, exclusive of Sundays and holidays but including Saturday half holidays, from the date of the decision appealed from, his reasons of appeal specifically set forth in writing."

The various rules above cited were in force at the time the matter now before us was attempted to be appealed.

Under a reasonable construction of the laws and rules above cited, it has been the invariable practice, as we understand it, to grant to the party aggrieved by the action of the Patent Office forty days from the date of such decision, in which to file his reasons for appeal in the Patent Office, and forty days after the filing of said reasons, unless the Commissioner of Patents should, by order, further extend the time, in which to file in the Court of Appeals, the transcript of record and the petition for appeal and to pay the advance fee required by the rules of said court. These rules, it seems to us, were and are quite liberal and extend to the party interested adequate opportunity to have his cause heard. These rules are not unreasonable.

It is the duty of a litigant and his counsel to acquaint themselves with the rules of the court whose jurisdiction they invoke. If, on the transfer of these matters from the Court of Appeals of the District of Columbia to this court, new and confusing rules had been adopted, the motion here made might have had force. However, the rules which are now in force have been the rules, and have been adhered to, for 32 years. They are well known to the profession. While the construction given to these rules by the Court of Appeals is not binding upon this court, we are inclined to be guided largely by such construction, except in cases where it is manifest some different construction is clearly called for.

No such reason is here apparent, and the motion is therefore denied.