## CLY v. UNITED STATES.

### No. 12968.

United States Court of Appeals
Ninth Circuit.

Jan. 29, 1953.

Rehearing Denied March 3, 1953.

Morris Lavine, Los Angeles, Cal., for appellant.

Walter S. Binns, U. S. Atty., Vincent N. Erickson and Max Deutz, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS, BONE and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Monte Cly and Lindsay T. Hill were·indicted on August 10, 1950. The indictment was in 14 counts. Counts 1–9, 11, 13 and 14 were against Cly and Hill. Count 10 was against Hill alone. Count 12 was against Cly alone. Cly was arraigned on counts 1–9 and 11–14, pleaded not guilty and was tried. In the course of the trial, counts 12 and 14 were dismissed. Cly was found guilty on counts 3–5, 7–9 and 11 and not guilty on counts 1, 2, 6, and 13. A judgment was entered sentencing Cly on counts 3–5, 7–9 and 11 to be imprisoned for 18 months and to pay fines aggregating $2,555. From that judgment Cly has appealed.

Each count of the indictment contained two paragraphs. The first paragraph of count 1 alleged, in substance.and effect, that from November 6, .1947, to January 15, 1949, Cly was a member of Rent Advisory Board No. 8 of the Los Angeles Defense-Rental Area, a local board created under

and pursuant to § 204(e)(1) of the Housing and Rent Act of 1947, 61 Stat. 198, 50 U.S. C.Appendix, 1946 Edition, Supp. I, § 1894 (e)(1),[1] and that Hill was a member thereof from January 12, 1948, to January 11, 1949.

The first paragraph of each of the seven counts on which Cly was convicted (counts 3–5, 7–9 and 11) was as follows: "The grand jury realleges all of the allegations of the first count of this indictment, except those contained in the last paragraph thereof." Thus, in effect, the first paragraph of count 1 was incorporated into, and made a part of, each of the counts on which Cly was convicted.

The second paragraph of count 3 alleged that on or about December 6, 1948, in Los Angeles County, California, Cly and Hill "did unlawfully and in violation of, [18 U. S.C., 1948 Revision, § 202][2] accept and receive a check in the amount of $50 from Mr. and Mrs. Claude W. Chapman, with the intent that their action would be influenced thereby in favorably recommending to the Housing Expediter that rent increases be authorized at that certain property known as the Montezuma Apartments at 407 Ocean Front Walk, Venice, California,[3] this being a matter then pending before them in their official capacities."

The second paragraph of count 4 alleged that on or about November 17, 1948, in Los Angeles County, California, Cly and Hill "did unlawfully and in violation of [18 U.S. C., 1948 Revision, § 202], accept and receive a check in the amount of $250 from Mr. and Mrs. Harry Neiditch, with the intent that their action would be influenced thereby in favorably recommending to the Housing Expediter that rent increases be authorized at that certain property located at 1341 Fourteenth Street, Santa Monica, California, this being a matter then pending before them in their official capacities."

The second paragraph of count 5 alleged that on or about June 29, 1948, in Los Angeles County, California, Cly and Hill "did unlawfully and in violation of [18 U.

1. Section 204(e) (1) of the Housing and Rent Act of 1947, 61 Stat. 198, 50 U.S. C.Appendix, 1946 Edition, Supp. I, § 1894 (e) (1), was in effect from July 1, 1947, to March 31, 1948. Section 204(e) (1) of the Housing and Rent Act of 1947, as amended by § 202(d) of the Housing and Rent Act of 1948, 62 Stat. 95, 50 U.S.C.Appendix, 1946 Edition, Supp. II, § 1894(e) (1), was in effect from April 1, 1948, to March 31, 1949. As thus amended, it provided: " * * * Any local board may make such recommendations to the Housing Expediter as it deems advisable with respect to the following matters:

"(A) Removal of any or all maximum rents in the area, or any portion thereof, over which the local board has jurisdiction, or with respect to any class of housing accommodations within such area or any portion thereof, if in the judgment of the local board the need for continuing maximum rents in such area or portion thereof * * * no longer exists, due to sufficient construction of new housing accommodations or when the demand for rental housing accommodations has been otherwise reasonably met; and

"(B) Adjustments, other than individual adjustments, in maximum rents in such area or any portion thereof or with respect to any class of housing accommodations within such area or any portion thereof, deemed by the local board to be necessary to remove hardships or to correct other inequities, or further to carry out the purposes and provisions of this title [§§ 201–213 of the Act, as amended, 50 U.S.C.Appendix, 1946 Edition, Supp. II, §§ 1891–1902]; and

"(C) Operations generally of the local rent office with particular reference to hardship cases."

2. Section 202, which became effective on September 1, 1948, provides: "Whoever, being an officer or employee of, or person acting for or on behalf of the United States, in any official capacity, under or by virtue of the authority of any department or agency thereof, * * * asks, accepts, or receives any money, or any check, order, contract, promise, undertaking, obligation, gratuity, or security for the payment of money, or for the delivery or conveyance of anything of value, with intent to have his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, * * * influenced thereby, shall be fined not more than three times the amount of such money or value of such thing or imprisoned not more than three years, or both; * * *."

3. All properties mentioned in the second paragraphs of the counts on which Cly

S.C., 1946 Edition, § 207],[4] accept and receive $300 in cash from Don Greco, with the intent that their action would be influenced thereby in favorably recommending to the Housing Expediter that a rent increase be authorized at that certain property located at 126 Palisades, Santa Monica, California, this being a matter then pending before them in their official capacities."

The second paragraph of count 7 alleged that on or about November 20, 1948, in Los Angeles County, California, Cly and Hill "did unlawfully and in violation of [18 U.S.C., 1948 Revision, § 202], accept and receive $100 in cash from Norman Westcoatt, Executor of the Estate of Lily Dillon, deceased, with the intent that their action would be influenced thereby in favorably recommending to the Housing Expediter that rent increases be authorized for certain property located at 1002 Nowita Place, Venice, California, this being a matter then pending before them in their official capacities."

The second paragraph of count 8 alleged that on or about September 4, 1948, in Los Angeles County, California, Cly and Hill "did unlawfully and in violation of [18 U.S.C., 1948 Revision, § 202], accept and receive $90 in cash from Mrs. Mabel Preston, with the intent that their action would be influenced thereby in favorably recommending to the Housing Expediter that rent increases be authorized at certain property located at 1418 Eighteenth Street, 1423 Nineteenth Street, 2840 Santa Monica Boulevard, and 543–549 Lincoln Boulevard, all in Santa Monica, California, this being a matter then pending before them in their official capacities."

The second paragraph of count 9 alleged that on or about September 4, 1948, in Los Angeles County, California, Cly and Hill "did unlawfully and in violation of [18 U.S.C., 1948 Revision, § 202], accept and receive $45 in cash from Mrs. Frances Barker, with the intent that their action would be influenced thereby in favorably recommending to the Housing Expediter that rent increases be authorized at certain property located at 1344–48 Eighteenth Street, Santa Monica, and at 543–549 Lincoln Boulevard, Santa Monica, California, this being a matter then pending before them in their official capacities."

The second paragraph of count 11 alleged that on or about July 15, 1948, in Los Angeles County, California, Cly and Hill "did unlawfully and in violation of [18 U.S.C., 1946 Edition, § 207], accept and receive the sum of $50 from Mr. and Mrs. Frank Cohen, with the intent that their action would be influenced thereby in favorably recommending to the Housing Expediter that rent increases would be authorized at certain property located at 209 and 209½ Clubhouse Drive, Venice, California, this being a matter then pending before them in their official capacities."

■ Thus counts 3, 4 and 7–9 charged violations of 18 U.S.C., 1948 Revision, § 202, and counts 5 and 11 charged violations of 18 U.S.C., 1946, Edition, § 207. Thus each of the seven counts on which Cly was convicted charged an offense against the United States. The evidence was sufficient to sustain his conviction on each of the seven counts.

■ Cly's brief contains a so-called specification of errors.[5] The so-called

---

was convicted were in the area over which Rent Advisory Board No. 8 had jurisdiction.

4. Section 207, which was in effect at all pertinent times prior to September 1, 1948, provided: "Whoever, being an officer of the United States, or a person acting for or on behalf of the United States, in any official capacity, under or by virtue of the authority of any department or office of the Government thereof; * * * shall ask, accept, or receive any money, or any contract, promise, undertaking, obligation, gratuity, or security

for the payment of money, or for the delivery or conveyance of anything of value, with intent to have his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, * * * influenced thereby, shall be fined not more than three times the amount of money or value of the thing so asked, accepted, or received, and imprisoned not more than three years; * * *."

5. Our Rule 20 provides:
"1. Counsel for the appellant shall

specification contains twelve paragraphs. No error is specified, mentioned or referred to in any of the first eight paragraphs of the so-called specification. Therefore these eight paragraphs need not be considered.

The ninth paragraph of the so-called specification reads as follows: "The court erred in admitting testimony of alleged similar transactions regarding Earl J. Templeton (R. Tr. 90, 110)[6] over objections." This paragraph does not quote the ground or grounds, if any, urged at the trial for the objection or objections, if any, to the testimony said to have been erroneously admitted, nor does it quote the full substance of the testimony said to have been so admitted, nor does it refer to the page number of the transcript where the same may be found.[7] Therefore this paragraph need not be considered.[8]

The tenth paragraph of the so-called specification reads as follows: "The court erred in the admission and exclusion of evidence." This paragraph does not quote the ground or grounds, if any, urged at the trial for the objection or objections, if any, to the evidence said to have been erroneously admitted or to the evidence said to have been erroneously excluded, nor does it quote the full substance of the evidence said to have been so admitted or of the evidence said to have been so excluded, nor does it refer to the page number of the transcript where the same may be found.[9] Therefore this paragraph need not be considered.[10]

The eleventh paragraph of the so-called specification reads as follows: "The court erred in its comments to the jury on the facts of the case. The comment was one-sided and unfair in its scope and virtually told the jury to convict. It added to the facts, and assumed facts not proved and destroyed the constitutional privilege of the accused to testify in his own behalf before the jury without destruction by judges 'comment.'" This paragraph does not set out the comment or comments complained of or the ground or grounds, if any, of the objection or objections thereto, if any, urged at the trial.[11] Therefore this paragraph need not be considered.[12]

The twelfth paragraph of the so-called specification reads as follows: "The court erred in its instructions to the jury. The instructions were confusing on the essential law of the case as charged in the indictment." This paragraph does not set out the instructions complained of or the ground or grounds, if any, of the objection or objections thereto, if any, urged at the trial.[13] Therefore this paragraph need not be considered.[14]

file with the clerk of this court 20 copies of a printed brief * * *

"2. This brief shall contain * * *

"(d) * * * a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the error is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. * * * "

6. The meaning of "R. Tr. 90, 110" is not clear. The transcript of the record on appeal is in five volumes. Volume II contains a page 90 and a page 110. There is no page 90 or page 110 in any of the other volumes. No objection or ruling appears on page 90 of volume II. An objection by Cly and a ruling sustaining Cly's objection appear on page 110 of volume II. No other objection or ruling appears on that page.

7. See our Rule 20, supra.

8. Ziegler v. United States, 9 Cir., 174 F.2d 439; Mosca v. United States, 9 Cir., 174 F.2d 448; DuVerney v. United States, 9 Cir., 181 F.2d 853; Lii v. United States, 9 Cir., 198 F.2d 109.

9. See our Rule 20, supra.

10. See cases cited in footnote 8.

11. See our Rule 20, supra.

12. Ziegler v. United States, supra; Mosca v. United States, supra; DuVerney v. United States, supra.

13. See our Rule 20, supra.

14. See cases cited in footnote 12.

However, we have considered all paragraphs of the so-called specification, have examined the entire record and have found no reversible error.

Judgment affirmed.