John PARKS and Carl M. Pederson,
Appellants,

v.

Edward G. BROWN and Gertrude Brown,
Appellees.

No. 68.

Supreme Court of Alaska.

Jan. 22, 1962.

George B. McNabb, Jr., Fairbanks, for appellants.

Robert A. Parrish, Fairbanks, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The action was by the Browns as plaintiffs for a $3,400 balance due on a promissory note. The answer contains but one allegation: "Defendants, and each of them, deny that they, or either of them, are indebted to the Plaintiffs." The case was tried to the court, which gave judgment for the full amount claimed, and the defendants appeal from the judgment and order denying a new trial or relief from the judgment.

The document submitted to us by the appellants under the title "Brief for Appellants" exhibits a flagrant disregard of the appellate rules[1] and Order No. 14[2] of

---

1. Supreme Court Rule 11(a) requires that the appellant shall prepare his brief in accordance with Order No. 14 and that the brief shall treat designated subject matter in the following order: (1) subject index and table of cases, textbooks, etc.; (2) statement of this court's jurisdiction; (3) verbatim or summary account of reference material involved; (4) concise statement of the case; (5) questions presented for review; (6) specification of errors; (7) summary of argument; (8) argument; (9) an appendix of exhibits.

2. Supreme Court Order No. 14, with attached Memorandum of Instructions of

this court relating to the form and writing of briefs. For example: the margin requirements for the typed page have not been observed, on some pages there being no right-hand margin whatsoever; the subjects treated in the brief are not arranged in the order called for in Supreme Court Rule 11(a) [3]; and some of the subjects required to be set out in the brief are completely omitted, e. g., verbatim or summary account of reference material involved, questions presented for review, and summary of argument. One final observation as to format, the author of this "brief" had the manuscript typed entirely in capital letters so that it hurts the eye to read and the mind to comprehend.

On page 2 of the brief appears the following:

"SPECIFICATION OF ERROR

"1. ORDERING AND HOLDING A PRETRIAL CONFERENCE AND ENTERING A PRETRIAL ORDER WITHOUT ACTUAL NOTICE TO THE DEFENDANTS OR THEIR COUNCIL [sic].

"2. SETTING THE CAUSE FOR TRIAL WITHOUT ACTUAL NOTICE TO THE PARTIES OR COUNCIL [sic].

"3. OVERRULING DEFENDANT'S MOTION FOR A CONTINUANCE AND PROCEEDING WITH TRIAL WITHOUT ACTUAL NOTICE TO APPELLANTS OR COUNCIL [sic].

"4. SUSTAINING PLAINTIFF'S OBJECTIONS TO EVIDENCE AND TESTIMONY TENDING TO SHOW THE DEFENDANTS NOT INDEBTED TO THE PLAINTIFFS.

"5. OVERRULING APPELLANT'S MOTION FOR NEW TRIAL OR RELIEF FROM JUDGMENT."

■ The foregoing "Specification of Error" was evidently prepared in total disregard of subdivision (6) of our rule 11(a),[4] which requires that the specification of errors shall set out separately and particularly each error intended to be urged. Items 1, 3 and 5 each allege two separate errors. A specification of error which sets out more than one error is improper and does not need to be considered by this court.[5]

■ Not a single one of the itmes appearing on page 2 of appellants' brief sets out "particularly" the error intended to be urged as required by the rules and court de-

---

January 12, 1960, specifies the top, bottom and side margins which are to be maintained throughout the pages of the brief. The "instructions" were amended as of January 15, 1961, but not with respect to margin requirements applicable here.

3. See note 1, supra.

4. Subdivision (6) of Supreme Court Rule 11(a) provides:
"A specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the error alleged is to the admission or rejection of evidence, the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the transcript as contained in the record on appeal where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to verbatim, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. When findings are specified as error, the specification shall state as particularly as may be wherein the findings of fact and conclusions of law are alleged to be erroneous. When the error alleged is to a ruling upon the report of a referee or a master the specification shall state the objections to the report and the action of the court upon such objections."

5. Thys Co. v. Anglo California Nat'l Bank, 219 F.2d 131 (9th Cir. 1955), cert. denied 349 U.S. 946, 75 S.Ct. 875, 99 L. Ed. 1272 (1955); Greyhound Corp. v. Blakley, 262 F.2d 401 (9th Cir. 1958). Rule 18(2) (d) of the United States Court of Appeals Rules, Ninth Circuit, 28 U.S.C.A., is practically identical with our Rule 11(a) (6).

cisions. They fail to set forth the grounds, if any, of the objection, if any, urged in the trial court to the ruling, if any, of that court. Therefore, these specifications need not be considered.[6] To be sufficient a specification of error must be specific and not general. It must clearly challenge a definite ruling or action of the trial court.[7] This the appellants' specifications failed to do.

■ Item 4 seems to relate to the rejection of evidence. In that respect our rule very clearly states that, when the alleged error is to the rejection of evidence, the specification must quote the grounds urged at the trial for the objection and the full substance of the evidence rejected and refer to the page number in the transcript "where the same may be found." The appellants have disregarded every requirement of the rule and, therefore, the error they intended to urge need not be considered.[8]

■ The last item on page 2 of the brief improperly includes two errors, as pointed out earlier herein. Furthermore, the first error charging that the trial court erroneously overruled appellants' motion for a new trial is not argued in the brief and is, therefore, deemed to have been abandoned.[9] The second error in this item seems to charge error in the overruling by the trial court of appellants' motion for relief from judgment. Such a motion is addressed to the sound discretion of the trial court and that court's ruling will not be disturbed except for an abuse of discretion.[10] No such abuse of discretion is claimed either in the specification or anywhere else in the appellants' brief. The entire item specifies nothing and presents nothing for review.

The fact that much of the appellants' brief is given to philosophical arguments by counsel on what he thinks the law should be in situations pertinent to his case [11] and the further fact that the brief is woefully lacking in case decisions to support any of the ideas advanced therein lead us to conclude that the appeal is frivolous and was not taken in good faith.

Rule 52 of the Supreme Court Rules declares that the "rules are designed to facilitate business and advance justice." They have now been in effect long enough for all members of the Alaska Bar to take notice of their provisions and govern themselves accordingly in seeking review here. It was the duty of the appellants and their counsel to acquaint themselves with the rules of this court whose jurisdiction they invoked.[12] Instead they chose to completely disregard the rules—we may suppose, either because of disrespect for this court [13] or because of wilful ignorance of those rules.

6. Cly v. United States, 201 F.2d 806, 809 (9th Cir. 1953), cert. denied 345 U.S. 976, 73 S.Ct. 1124, 97 L.Ed. 1391 (1953); Thys Co. v. Anglo California Nat'l Bank, note 5 supra. See also United States v. Nickle, 70 F.2d 873, 874 (8th Cir. 1934), wherein it was held that assignments of error should show the nature of the objections and not merely recite that something was done "over the objection and exception."

7. Cf. Pope v. Lincoln Nat'l Life Ins. Co., 103 F.2d 265, 266 (8th Cir. 1939).

8. Cly v. United States, note 6 supra, 201 F.2d at 809; Ambrose v. United States, 280 F.2d 766 (9th Cir. 1960).

9. American Ins. Co. v. Scheufler, 129 F. 2d 143, 145 (8th Cir. 1942), cert. denied 317 U.S. 687, 63 S.Ct. 257, 87 L.Ed. 551 (1942); Iob v. Los Angeles Brewing Co., 183 F.2d 398, 401 (9th Cir. 1950).

10. Siberell v. United States, 268 F.2d 61 (9th Cir. 1959). See also Ledwith v. Storkan, 2 F.R.D. 539 (D.Neb.1942).

11. Typical of this tendency on the part of appellants' counsel to philosophize in the brief, is his argument that the parties to an action and their counsel are entitled to actual notice (whatever he means by "actual notice") of pre-trial conferences and pre-trial orders rather than the kind of notice required by the rules. As one court observed, such arguments may be interesting but they are not helpful to the court. Thys Co. v. Anglo California Nat'l Bank, 219 F.2d 131 (9th Cir. 1955), cert. denied 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272 (1955).

12. In re Sherbondy, 35 F.2d 71 (C.C.P.A. 1929); Anderson v. Kuhs, 213 S.W.2d 238, 243–244 (App.Mo.1948).

13. That counsel for the appellants may be guilty of intentional disrespect in this

As the Court of Appeals for the Ninth Circuit pointed out in Thys Co. v. Anglo California Nat'l Bank, 219 F.2d 131:[14] "The purpose of the rule requirements in respect to briefs is to conserve the time and energy of the court and clearly to advise the opposite party of the points he is obliged to meet." While counsel for the appellees has challenged the sufficiency of only the fourth so-called "specification of error," this court will, if it sees fit, examine the entire brief and has the power to insist, sua sponte, that the brief manifest a bona fide and reasonably intelligent effort to comply with the rules.[15] We have examined the brief and find therein no such compliance. Nor do we consider it to have raised any reviewable issues and we, therefore, affirm the judgment and order appealed from.

case for not only this court but for the trial court is evidenced by the fact that he did not appear, or excuse himself for failure to appear for oral argument of this appeal, and that he seems to have wholly ignored an order of the trial court that he pay $25.00 as costs to appellees' counsel for failure to appear at a regularly noticed pre-trial conference.

14. The citation for this case is given in note 11, supra.

15. Cf. In re Hesse's Estate, 65 Ariz. 169, 177 P.2d 217 (1947).