Oscar BEYLUND, Appellant,

v.

MATANUSKA VALLEY FARMERS CO-OP-
ERATIVE ASSOCIATION, and Alaska
Workmen's Compensation Board, Appellees.

No. 354.

Supreme Court of Alaska.

April 13, 1964.

C. J. Occhipinti, Anchorage, for appel-
lant.

Ted Stevens, Anchorage, for appellees.

Before NESBETT, C. J., DIMOND
and AREND, JJ.

DIMOND, Justice.

The superior court affirmed a decision of
the Alaska Workmen's Compensation
Board, which provided in part:

### FINDINGS OF FACT

Applicant's condition became fixed on
August 31, 1959 and he has been paid
temporary total disability compensa-
tion for a period of March 20, 1959
to August 31, 1959 for such temporary
total disability he sustained as a result
of the compensable injury while in the
employ of the defendant, as previously
ordered. Applicant suffered no per-
manent partial disability as a result
of said injury.

### CONCLUSIONS OF LAW

The Decision and Award of the two
member board of the Alaska Work-
men's Compensation Board held at
Anchorage, Alaska, on December 2,
1960, finding that applicant suffered
no permanent partial disability as a
result of said injury is hereby affirmed.

### DECISION

The case is hereby dismissed.

The appellant, Oscar Beylund, the "appli-
cant" referred to in the Board's decision,
has appealed to this court contending that
the Board's decision was wrong and that
the court below erred in affirming it.

It is difficult to tell from appellant's single specification of error [1] the precise point that he is making on this appeal. From a study of the argument in appellant's brief it appears that he contends as follows: that the Board's finding that appellant's condition had become "fixed" on August 31, 1959, meant that his condition of work-incurred disability had reached a static or fixed state from which full recovery was not expected, and therefore that he was entitled to compensation for permanent partial disability following the end of the period of temporary total disability.

■ Appellant's argument is untenable. It is based upon the erroneous assumption that the meaning which he attributes to the term "fixed", as it relates to his condition, is the same meaning intended to be given that term by the Board in rendering its decision. It is obvious that that was not the Board's intention. The Board made the express, unambiguous finding that "Applicant suffered no permanent partial disability as a result of said injury." This could mean only one thing: that at the end of the period of temporary total disability on August 31, 1959 appellant had recovered from his injury, and that there were no residual disabling effects attributable to the injury from which appellant would not be expected to recover. In view of the Board's explicit finding, the only sensible meaning that can be given to the Board's characterization of appellant's condition as being fixed is that his condition had reached the point where full recovery from the injury had been made.

■ Appellant states that the Board's decision that he had suffered no permanent

partial disability ignored the evidence submitted, was contrary to the evidence, and was not supported by the evidence. We assume that appellant is contending that the Board's decision was not supported by substantial evidence in the light of the whole record, as required by the Alaska Administrative Procedure Act.[2]

Appellant had been injured when he fell and suffered a blow to his head. The physician who treated him, Dr. Colberg, was of the opinion that appellant had suffered a total permanent disability. Dr. Mead expressed an opposite view. He was of the opinion that appellant was not permanently disabled by reason of his injury and should have been able to return to work by July, 1959. The Board also had before it the report of Dr. Wilson, a disinterested physician agreed upon by the parties to examine appellant. Dr. Wilson made his examination in September 1959. In his report he stated that it was clearly apparent that appellant was suffering from the ravages of diffuse, generalized arteriosclerosis; that it was inconceivable that this disease did not antedate by many years appellant's head injury in January 1959; and that it was not hard to imagine, although impossible to prove, that the arteriosclerosis in some way caused appellant's fall. The doctor went on to say that it was impossible to say that the fall, whatever the cause, did not aggravate a pre-existing brain disease, but that in his opinion it was improbable that such aggravation occurred because evidence of localized brain injury was not present.

Dr. Colberg's opinion supports appellant's view that he was permanently disabled as a result of his injury. But the

---

1. The specification of error reads as follows:

"The Superior Court erred in affirming the dismissal of appellant's claim by the Alaska Workmen's Compensation Board, inasmuch as there was uncontradicted evidence that: 1) appellant suffered a compensable injury, 2) that his condition became fixed on August

31, 1959, and, 3) that a determination should have been made as to appellant's inability to work due to the compensable injury."

2. AS 44.62.570(b) (c). See Forth v. Northern Stevedoring & Handling Corp., Opinion No. 169, 385 P.2d 944, 948 (Alaska 1963).

opinions of Drs. Mead and Wilson constitute relevant evidence which a reasonable mind might accept as adequate to support the conclusion that there was no work-connected permanent disability. There is nothing in the record of this case which would impair the reasonableness of such a conclusion. There was substantial evidence to support the Board's finding that appellant had suffered no permanent partial disability as a result of his injury.[3]

The judgment is affirmed.

3. See Forth v. Northern Stevedoring & Handling Corp., Opinion No. 169, 385 P.2d 944, 948 (Alaska 1963).