**Charles HIGGINS, Appellant,**

**v.**

**Douglas LANTZ and Alaska Truck Transport, Appellees.**

**No. 432.**

Supreme Court of Alaska.

Aug. 14, 1964.

John M. Savage and Lloyd S. Kurtz, Jr., Clark & Savage, Anchorage, for appellant.

Daniel A. Moore, Jr., Delaney, Wiles & Moore, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, Justices.

PER CURIAM.

Appellant had asked for damages in the amount of $65,000 on his claim of personal injuries. A jury awarded him $500. On this appeal, appellant has submitted five specifications of error challenging the correctness of the trial court's charge to the jury.

The first three specifications assert that the trial court committed prejudicial error in giving certain instructions to the jury.[1] In none of these specifications has appellant set out verbatim those parts of the instructions considered erroneous, as he was required to do by Supreme Court Rule 11(a)(6).[2] Nor are the grounds of his objections urged at the trial set forth, which is also required by the rule. And while the instructions objected to are set out verbatim in the course of appellant's argument, even here as to two of the instructions appellant has failed to set out the grounds of the objections he made to the trial court.

The remaining specifications of error relate to the failure of the trial court to give certain of appellant's proposed instructions.[3] Not only are the proposed instructions or the grounds urged for their adoption not set out as required by rule, but appellant has not pointed to any place in the record where he objected to the trial court's refusal to give such instructions.[4]

Since the requirements of our rule have been disregarded, we shall not consider the errors intended to be urged on this appeal.[5] The appeal is dismissed.

1. These specifications read as follows:
"1. The Trial Court committed prejudicial error by instructing the jury on the subject of contributory negligence when as a matter of law there was no question of contributory negligence in the case and its effect might be to cause a compromise jury verdict.
"2. The Trial Court committed prejudicial error by instructing the jury that a conflict existed in the testimony of the expert witnesses because this statement invaded the province of the jury.
"3. The Trial Court committed prejudicial error by instructing the jury that the plaintiff must prove his damages of physical pain, mental anguish, and future detriment to a reasonable certainty and not to a reasonable probability."

2. Supreme Ct.R. 11(a)(6) provides in relevant part:
"When the error alleged is to the charge of the court, the specification shall set out the part referred to verbatim, whether it be instructions given or in instructions refused, together with the grounds of the objections urged at the trial."

3. These specifications read as follows:
"4. The Trial Court committed prejudicial error by refusing plaintiff's proposed instruction defining mental suffering.
"5. The Trial Court committed prejudicial error by refusing to give plaintiff's proposed instruction concerning aggravation of a pre-existing injury."

4. Civ.R. 51(a), in relevant part, explicitly states:
"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

5. Crume v. Crume, 378 P.2d 183, 185 (Alaska 1963); Parks v. Brown, 368 P. 2d 220 (Alaska 1962).