BIG K GROCERY and Alaska National Insurance Co., Petitioners,

v.

Patsy GIBSON and Industrial Indemnity, Respondents.

No. S–4521.

Supreme Court of Alaska.

Sept. 4, 1992.

---

Robert J. McLaughlin, Faulkner, Banfield, Doogan & Holmes, Seattle, for petitioners.

Joseph A. Kalamarides, Kalamarides & MacMillan, Anchorage, for respondent Gibson.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

In this workers' compensation case, the Alaska Workers' Compensation Board (the board) concluded that Patsy Gibson had not proven that her employment with Big K Grocery from 1983 until 1988 was a substantial factor in bringing about her present disability. Gibson appealed to the superior court which initially affirmed the board. However, after reviewing our recently issued decision in *Grainger v. Alaska Workers' Compensation Board*, 805 P.2d 976 (Alaska 1991), the superior court vacated its initial decision and reversed the board. We granted Big K's petition for review from this decision and reverse.

The critical testimony presented before the board was that of Doctor Gerald Keane. He testified that it was probable that Gibson's current symptoms were the result of a 1980 operation which in turn was caused by a 1978 accident. However, he could not preclude the possibility that Gibson's work for Big K between 1985 and 1988 accelerated her pre-existing condition.[1]

The language relied on by the superior court from *Grainger* is a formulation as to how an employer may rebut the presumption of compensability.[2] We stated in *Grainger*:

Once the presumption arises, an employer can overcome it by presenting substantial evidence that either (1) provides an alternative explanation which, if accepted, would exclude work related factors as a substantial cause of the disability; or (2) directly eliminates any reasonable possibility that employment was a factor in causing the disability.

*Id.* at 977 (footnote omitted). As authority *Grainger* cited *Fireman's Fund American Insurance Companies v. Gomes*, 544 P.2d 1013, 1016 (Alaska 1976) and *Veco, Inc. v. Wolfer*, 693 P.2d 865, 872 n. 9 (Alaska 1985).

In *Wolfer* the rebuttal methods were expressed as follows: "A party may overcome the presumption of compensability either by presenting affirmative evidence that the injury is not work-connected or by eliminating all possibilities that the injury was work-connected." 693 P.2d at 872. Similarly, *Gomes* expressed the first of the alternative methods in terms of production of "affirmative evidence" indicating that the injury or death was not work connected. 544 P.2d at 1016.

It has always been possible to rebut the presumption of compensability by presenting a qualified expert who testifies that, in his or her opinion, the claimant's work was probably not a substantial cause of the disability. *See, e.g., Burgess Constr. Co. v. Smallwood*, 698 P.2d 1206, 1209, 1211 (Alaska 1985) (holding that employer rebutted presumption where a medical expert testified that although there was a possibility that the employee's work aggravated his renal failure, the renal failure was probably the natural result of a progressive disease); *Beylund v. Matanuska Valley Farmers Coop. Ass'n*, 391 P.2d 176, 177 (Alaska 1964) (holding that employer rebutted presumption when a medical expert testified that it was improbable that the employee's fall at work aggravated a pre-existing brain disease, even though it was impossible to completely rule out the possibility). Using the formulation of *Gomes* and *Wolfer*, such testimony is affirmative evidence that an injury is not work connected. In the perhaps less clear phraseology of *Grainger*, it is an alternative explanation which, if accepted, excludes work-relat-

---

1. Dr. Keane was asked: "Doctor, can you preclude the possibility that her work between 1985 and 1988 caused an acceleration of her pre-existing condition?" He answered: "I would say that I could not preclude the possibility, but that the probability is—the strong probability is that it is the result of the other process as I mentioned earlier. As to whether there is some possibility, I would say that that is the case, yes."

2. AS 23.30.120(a)(1) provides that in the absence of substantial evidence to the contrary, the law presumes that the employee's disability is work-related.

ed factors as a substantial cause of the injury.

For these reasons we conclude that the superior court erred and that the board's decision was supported by substantial evidence.

REVERSED and REMANDED to the superior court for further proceedings consistent with this opinion.